UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                                    No. 17-CR-2016 MV

MARCUS MCGEE

    Defendant.

**MEMORANDUM OPINION AND ORDER**

THIS MATTER is before the Court on Marcus McGee's pro se Motion to Correct Error in Judgment. Doc. 127. The government filed a Response. Doc. 129. Having considered the briefs and relevant law, and being otherwise fully informed, the Court finds that there was no error in judgment and the motion must be denied.

**BACKGROUND**

On September 11, 2019, Mr. McGee plead guilty to Count 1 of a one-count Information charging him with Possession with Intent to Distribute a Mixture and Substance Containing Methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C). Doc. 109 at 2. He also plead guilty to Count 5 of the Indictment, charging him with Possession of a Firearm in Furtherance of a Drug Trafficking Crime, in violation of 18 U.S.C. § 924(c). *Id.* He entered into a Rule 11(c)(1)(C) agreement with the government, stipulating to a specific sentence of no less than 96 months in custody. *Id.* On January 7, 2020, this Court sentenced him to 36 months in custody on Count 1 of the Information and 60 months in custody on Count 5 of the Indictment. Doc. 121. Prior to his sentencing on the above federal charges, Mr. McGee had been sentenced in New

1

Mexico state court on November 3, 2017, to a total of 9 years in custody on state cases D-1116-CR-2016-00130 and D-1116-CR-2016-00336. Doc. 128 at 8:11-15. At his sentencing hearing on January 7, 2020, the Court ordered that Mr. McGee's federal sentences in case 17-CR-2016 would run concurrent to his state sentences in cases D-1116-CR-2016-00130 and D-1116-CR-2016-00336 starting on the day of sentencing. Doc. 128 at 21:7-13.

## LEGAL STANDARD

U.S.S.G. § 5G1.3(b) provides that when a defendant is serving a term of imprisonment that resulted from another offense that constitutes relevant conduct to the instant offense of conviction,

> (1) the court shall adjust the sentence for any period of imprisonment already served on the undischarged term of imprisonment if the court determines that such period of imprisonment will not be credited to the federal sentence by the Bureau of Prisons; and
> (2) the sentence for the instance offense shall be imposed to run concurrently to the remainder of the undischarged term of imprisonment.

Under § 5G1.3(d), in any case involving an undischarged term of imprisonment not covered by §5G1.3(b), "the sentence for the instant offense *may* be imposed to run concurrently, partially concurrently, or consecutively to the prior undischarged term of imprisonment to achieve a reasonable punishment for the instant offense." (emphasis added). Also relevant here, following an entry of judgment on sentencing, Fed. R. Crim. P. 36, states that "after giving any notice it considers appropriate, the court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission."

## DISCUSSION

In his Motion, Mr. McGee argues that, pursuant to U.S.S.G. § 5G1.3(b) and Fed. R. Crim. P. 36, the Court must amend his judgment so that he gets credit on his federal sentence for the 24 months and 15 days he spent in state custody prior to his federal sentencing on January 7, 2020.

Doc. 127. The government's Response correctly argues that U.S.S.G. § 5G1.3(b) is not applicable to Mr. McGee's case and the judgment in his case is without error. Doc. 129 at 7.

First, U.S.S.G. § 5G1.3(b) does not apply to Mr. McGee's sentence. At sentencing, defense counsel agreed that the offenses underlying the state convictions did not constitute relevant conduct under U.S.S.G. § 1B1.3. Doc. 128 at 9:18 ("It is unrelated conduct, yes."). Therefore, the relevant guideline provision is § 5G1.3(d), which only states that a court *may* impose a sentence concurrently and does not authorize the court to adjust the sentence for any time served on an unrelated offense. *See also Bloomgren v. Belaski*, 948 F.2d 688, 690 (10th Cir. 1991) ("In general, a federal prisoner cannot be given credit for time spent in state prison on an unrelated charge.") (quoting *United States v. Winter,* 730 F.2d 825, 826-27 (1st Cir. 1984)). Indeed, at sentencing, the United States Probation Office advised the Court that it could not give Mr. McGee credit for his time served, but that the Court could run the sentences concurrent after formally sentencing Mr. McGee. Doc. 128 at 10:12–16. Operating under this same assumption, defense counsel asked the Court to run Mr. McGee's federal sentences concurrent with his state sentences "from the date of his federal judgment." Doc. 128 at 8:20-21. The Court was therefore accurately informed at the time of sentencing and used its discretion to impose Mr. McGee's federal sentence concurrently with his state convictions from the date of his federal sentencing. Accordingly, there was no error in the judgment and Mr. McGee's motion must be denied.

As an additional matter, the Court registers its disagreement with the government's position that Mr. McGee's motion could be construed as a violation of his 11(c)(1)(C) agreement. The government's response characterizes Mr. McGee's motion as attempting "to seek a downward departure or variance from the specific sentence of no less than 96 months' imprisonment as agreed to by the parties pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure." Doc.

129 at 7 (quoting plea agreement). Mr. McGee's Motion does not seek a downward departure or variance, but rather seeks to address what he believes is a "clerical error." Doc. 127 at 4. Mr. McGee understandably wants to ensure that all of the time he spends in custody is properly accounted for. Of course, there was no error in this case, but a request to amend what a defendant mistakenly believes to be an error in the judgment is substantively different from a motion asking the Court to exercise its discretion to grant a downward departure or variance. Accordingly, Mr. McGee's Motion is not a violation of the plea agreement. Doc. 129 at 7.

**IT IS THEREFORE ORDERED** that Mr. McGee's Motion to Correct Error in Judgment [Doc. 127] is **DENIED**.

ENTERED this 18th day of October 2024.

_____
MARTHA VÁZQUEZ
SENIOR UNITED STATES DISTRICT JUDGE