UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                        No. 17-CR-2016 MV

MARCUS MCGEE

    Defendant.

## MEMORANDUM OPINION AND ORDER

THIS MATTER is before the Court on Marcus McGee's pro se Motion for Modification or Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(2) [Doc. 131]. The government filed a Response [Doc. 135]. Having considered the briefs and relevant law, and being otherwise fully informed, the Court finds that Mr. McGee is not eligible for a sentence reduction and his motion thus must be denied.

## DISCUSSION

On January 7, 2020, Mr. McGee was sentenced to 96 months in custody after being convicted of Possession with Intent to Distribute a Mixture and Substance Containing Methamphetamine, in violation of 21 U.S.C. §§841(a)(1) and (b)(1)(C) and Possessing a Firearm in Furtherance of a Drug Trafficking Crime, in violation of 18 U.S.C. § 924(c). Doc. 109. He seeks a reduction in sentence under Amendment 821 of the Federal Sentencing Guidelines. Doc. 131.

18 U.S.C. § 3582(c)(2) authorizes courts to reduce a defendant's sentence where the defendant "has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2); *see also*

*United States v. Price,* 44 F.4th 1288, 1294 (10th Cir. 2022) (retroactive Guideline amendments are a valid statutory reason to modify a sentence). On November 1, 2023, Sentencing Guidelines Amendment 821 went into effect. In Part A of the Amendment, the Sentencing Commission decreased status points by one point for defendants with seven or more criminal history points and eliminated status points for defendants with six or fewer criminal history points. Status points are applied to criminal history scores under U.S.S.G. § 4A1.1(d) when a defendant committed a federal offense "while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status." U.S.S.G. § 4A1.1(d). In Part B of the Amendment, the Sentencing Commission included a two-level reduction for certain eligible defendants with zero criminal history points, which now appears in U.S.S.G. § 4C1.1. On August 24, 2023, the Sentencing Commission made this amendment retroactive.

      Mr. McGee seeks a reduction in his sentence, stating that his presentence report "included 'Status Points' in the calculation of [his] criminal history score" and categorized him as "having zero criminal history points." Doc. 131 at 2. However, this is not the case. No status points were applied to Mr. McGee's criminal history score. Doc. 114 ¶ 25-36. Thus, Amendment 821, Part A does not affect his guidelines range. Furthermore, Mr. McGee's total criminal history score, as calculated in his Presentence Report, was three. Doc. 114 ¶ 44. A criminal history score of three establishes a criminal history category of II. He was not a zero-point offender, and thus Amendment 821, Part B does not affect his guidelines range. As Mr. McGee did not receive any status points and was not a zero-point offender, neither Part A nor Part B of Amendment 821 would affect his guideline range. For this reason, the Court is therefore not authorized to reduce his sentence under 18 U.S.C. § 3582(c)(2). For the same reasons, Mr. McGee's Motion for Appointment of Counsel is also denied.

**IT IS THEREFORE ORDERED** that Mr. McGee's Motion for Modification or Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(2) [Doc. 131] and Motion for Appointment of Counsel Pursuant 18 U.S.C. 3006A (a)(b),(H),(I) are **DENIED**.

ENTERED this 30th day of October, 2024.

_____
MARTHA VÁZQUEZ
SENIOR UNITED STATES DISTRICT JUDGE